KENTUCKY IMPROVEMENT CO. v. B. W. WARD.

Navigation—Obstruction in River—Damage to Water Crafts—Instructions.
> In a suit by appellees to recover for damages to their flat boat, caused
> by the temporary erection of a dam across the river by appellants,
> and for which a verdict and judgment was rendered, the following
> instructions "that the liability of appellants is made to depend on the
> question whether the accident occurred without the fault of appellees,
> and alone from obstructions to navigation caused and kept in the river
> by the appellants other than such as were merely necessary to enable
> them in a reasonable time to repair their mill dam," is held to be·
> the correct rule of law therefor.

APPEAL FROM GREENUP CIRCUIT COURT.

December 1, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

The appellees sued the Kentucky Improvement Company for damages sustained by the wreck of their flat boat loaded with tan bark, in the Little Sandy river, in consequence of obstructions to navigation placed in the river by the defendants.

The facts were that the defendants, as owners of the Aginglite Mills on said river, were entitled by legislative recognition and prescriptive right to the privilege of continuing to obstruct the river with their mill dam as erected years before. This dam was partially washed away in June, 1866, and the owners constructed a temporary dam of brush, straw, &c., extending across the channel formed by the breach in the old dam, so as to connect the remaining part of it with the opposite bank of the stream, some sixty yards above the site of the old dam at its connection with the east bank of the river. The current of the river had broken around this obstruction of brush on·the east side of the stream and formed a crooked chute, large enough to admit of the passage of a flat boat, but dangerous from its shape and the force of the current, as well as the proximity of the remaining portion of the old dam. About the first of August, 1866, the boat of the appellees ascending the river in the night time, in passing through said chute at the end of the brush dam, struck it and was thrown against a log and then against the old dam in passing through it and bilged and sunk.

The defendants relied in their defense that they had a right to construct the temporary dam as a means of repairing the other, and that the accident was not the consequence of any fault on their part, but of the negligence and unskillfulness of the plaintiffs in attempting to pass the obstruction in the night and when the water was at too low a stage to admit of the safe passage of the boats.

A verdict and judgment were rendered for the plaintiff for $200 and the court having overruled a motion for a new trial, the defendants have appealed to this court.

The main inquiry is whether or not the court correctly instructed the jury. By the instructions given the liability of the appellants was made to depend on the question whether the accident occurred without the fault of the appellees and alone from obstructions to navigation caused and kept in the river by the appellants, other than such as were merely necessary to enable them in reasonable time to repair their mill dam. And in this we think the court correctly expressed the law of the case. The verdict of the jury does not appear to have been excessive, but was such as they might properly have found from the facts.

Wherefore, the judgment is affirmed.

*Ireland, Dulin, for appellant.*

*Phister, for appellee.*